IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALLSTATE LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | 2:07-cv-02264-GEB-KJM |
| | ) | |
| v. | ) | <u>ORDER</u>* |
| | ) | |
| BEATRICE DALL; JARED STEPHEN DALL; | ) | |
| ETHAN RYAN DALL; JEANNE CORENE | ) | |
| VILORIA; LARRY LEE DALL; SHANNON | ) | |
| CHRISTIN OLIVEIRA; SHELLI ALLISON | ) | |
| DALL; STEPHEN RAY DALL; BARBARA | ) | |
| JEAN DALL, | ) | |
| | ) | |
| Defendants. | ) | |

On April 3, 2008, Plaintiff Allstate Life Insurance Company ("Allstate") filed an order seeking discharge from this interpleader action and from any related liability, a permanent injunction enjoining the Defendants from prosecuting further suits against

---

* This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

Allstate concerning the life insurance proceeds at issue, and an award of attorneys' fees and costs.  Defendants do not oppose the motion. For the following reasons, Allstate's motion is granted in part and denied in part.

I.   Interpleader

On October 22, 2007, Allstate filed this interpleader action since it was unable to determine which Defendants are the proper beneficiaries of Allstate life insurance policy number 733254412. Allstate argues that interpleader is proper because it is "faced with conflicting, mutually-exclusive claims for payment of the exact same life insurance proceeds." (Mot. at 4:16-17.)  Interpleader is proper where there are multiple conflicting claims against a stakeholder for the payment of the same fund.  Fed. R. Civ. P. 22; Minn. Mut. Life Ins. Co. v. Ensley, 174 F.3d 977, 980 (9th Cir. 1999).  Here, since Allstate faces nine claimants asserting a right to the same life insurance proceeds, interpleader is proper.

II.  Deposit of Funds

Allstate offers to deposit the $400,000 in contested life insurance proceeds with the Court "in accordance with the Court's discretion." (Mot. at 6:3-5.)  This offer is accepted; Allstate shall deposit the life insurance proceeds, less the award of attorneys' fees and costs ("the funds"), with the registry of the Court by 4:00 p.m. on July 28, 2008.

III. Discharge

Allstate seeks to be discharged from this action and from any related liability since it "has no further interest or useful role in this litigation." (Mot. at 4:27.)  Discharge is proper where a mere stakeholder with no other interest in the outcome of a dispute

over funds deposits the full amount of the funds with the court.   28

U.S.C. §§ 1335, 2361; Equitable Life Assurance Soc'y of U.S. v.

Miller, 229 F.Supp. 1018, 1020 (D. Minn. 1964).   Therefore, upon

Allstate's deposit of the funds with the registry of the Court by 4:00

p.m. on July 28, 2008, Allstate shall be discharged from this action

and from any related liability.

IV.   Injunction

      Allstate seeks a permanent injunction enjoining the

Defendants from "prosecuting state or federal lawsuits against

Allstate which might affect the stake or the rights and obligations

between and among Allstate and the adverse claimants thereon."   (Mot.

at 7:9-11.)   A permanent injunction is proper where the stakeholder

has been discharged from the action.   28 U.S.C. §§ 1335, 2361; Metro.

Life Ins. Co. v. Kwicinski, 78 F.R.D. 235, 236 (E.D. Wis. 1978).

Defendants shall be permanently enjoined from prosecuting state or

federal lawsuits against Allstate which might affect the stake or the

rights and obligations between and among Allstate and Defendants upon

Allstate depositing the funds with the registry of the Court by 4:00

p.m. on July 28, 2008.

V.   Attorneys' Fees and Costs

      Allstate seeks an award of attorneys' fees and costs.

Courts have discretion to award attorneys' fees and costs to a

disinterested stakeholder in an interpleader action.   Abex Corp. v.

Ski's Enters., 748 F.2d 513, 516 (9th Cir. 1984); Gelfgren v. Republic

Nat'l Life Ins. Co., 680 F.2d 79, 81 (9th Cir. 1982).   An award of

attorneys' fees and costs is proper.

      Allstate contends it has incurred $13,653.50 in attorneys'

fees and $814.96 in costs, for a total of $14,468.46.   (Decl. of

1  Jesica N. Pandika ("Pandika Decl.") at 2:1-3, 8.)  However, Allstate

2  has failed to provide any supporting documentation beyond Ms.

3  Pandika's conclusory declaration that $14,468.46 in fees and costs

4  have been incurred and that "[s]uch fees represent the reasonable

5  amount of time Allstate's attorneys spent litigating this matter and

6  preparing this motion to discharge . . . ."  (Pandika Decl. at 2:3-5.)

7  These conclusory statements are tantamount to block billing, and are

8  insufficient to justify the claimed amount.  The burden rests with

9  counsel to establish sufficient support for an attorney fee award.

10  <u>Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise</u>,

11  234 F.3d 415, 427 (9th Cir. 2000).  However, the docket entries in

12  this action indicate that $5,000.00 is a reasonable attorneys' fee

13  award.  Although Allstate requests $814.96 in costs, it provides no

14  documentation to explain how these costs were incurred.  However, the

15  docket reflects that Allstate spent $350.00 in filing fees and $375.80

16  for personal service.  Accordingly, these costs are reasonable and

17  Allstate is awarded a total of $725.80 in costs.

18                          CONCLUSION

19       For the stated reasons, Allstate's motion for discharge and

20  a permanent injunction is granted upon Allstate depositing $394,274.20

21  ($400,000.00 life insurance proceeds less $5,725.80 attorneys' fees

22  and costs) with the registry of the Court by 4:00 p.m. on July 28,

23  2008.  Upon deposit of the funds, Allstate shall be discharged from

24  liability for current or potential claims regarding the insurance

25  proceeds of policy number 733254412 on William Nathan Dall's life; and

26  Defendants shall be permanently enjoined from prosecuting state or

27  federal lawsuits against Allstate which might affect the stake or the

28

rights and obligations between and among Allstate and the adverse claimants thereon.

             IT IS SO ORDERED.

Dated:  June 27, 2008

                                        _____
                                        GARLAND E. BURRELL, JR.
                                        United States District Judge