IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALLSTATE LIFE INSURANCE COMPANY, ) | ) | |
| Plaintiff, ) | ) | 2:07-cv-2264-GEB-KJM |
| v. ) | ) | ORDER GRANTING DEFENDANTS |
| ) | | BEATRICE DALL, JARED STEPHEN |
| BEATRICE DALL; JARED STEPHEN DALL, ) | | DALL AND ETHAN RYAN DALL'S |
| ETHAN RYAN DALL; JEANNE CORENE ) | | MOTION FOR SUMMARY JUDGMENT* |
| VILORIA; LARRY LEE DALL; SHANNON ) | | |
| CHRISTIN OLIVEIRA; SHELLI ALLISON ) | | |
| DALL; STEPHEN RAY DALL; BARBARA ) | | |
| DALL, ) | | |
| ) | | |
| Defendants. ) | | |

Beatrice Dall, Jared Dall and Ethan Dall (collectively, the "Moving Defendants") seek summary judgment in this interpleader action, arguing that Jared Dall and Ethan Dall are entitled as a matter of law to the proceeds at issue under decedent William Dall's life insurance policy.[1] (Docket No. 32.)  Defendants Jeanne Viloria,

---

  *  This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

  [1]  At the time this motion was filed, Plaintiffs Jared and Ethan Dall could not file the motion because they were minors and were without a representative as required by Federal Rule of Civil Procedure 17(c). This issue was raised *sua sponte* and cured by an order issued on October
(continued...)

1

Larry Dall, Shannon Oliveira, Shelli Dall, Stephen Dall and Barbara Dall (collectively, the "Non-Moving Defendants") oppose the motion. For the reasons stated below, the Moving Defendants' motion for summary judgment is GRANTED.

I.   Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary "judgment . . . shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  "A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit.  The materiality of a fact is thus determined by the substantive law governing the claim or defense.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc., v. Pacific Elec. Contractors Ass'n, 908 F.2d 626, 630 (9th Cir. 1987).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party satisfies its burden, "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." T.W. Elec. Serv., Inc., 809 F.2d at 630 (quotations omitted).  If the non-moving party fails to show that

---

[1](...continued)
26, 2009, appointing Beatrice Dall as the guardian ad litem for Jared and Ethan Dall.  Since this appointment was overlooked by all counsel involved in the motion, it is made *nunc pro tunc* as of the date the motion was filed.  Accordingly, the motion will be treated as Beatrice Dall moving on behalf of Jared and Ethan Dall as their guardian ad litem.

there is a genuine issue for trial, "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323.

## II. Factual Background[2]

The Moving Defendants' statement of undisputed facts and the Non-Moving Defendants' separate statement of undisputed facts reveal that the material facts in this case are undisputed.

William Dall ("William") and Beatrice Dall ("Beatrice") were married on December 2, 1995. (Non-Moving Defs.' Separate Statement of Undisputed Facts ("SSUF") ¶ 1.) During their marriage, William and Beatrice had two children, Jared Dall ("Jared") and Ethan Dall ("Ethan"). (Id.)

On March 5, 1998, William purchased a universal life insurance policy (the "Life Insurance Policy") from Allstate Life Insurance Company ("Allstate"). (Id. ¶ 2.) The Life Insurance Policy's face value, as amended, was $400,000. (Id. ¶ 3.) William named Beatrice as the primary beneficiary of the Life Insurance Policy and Jared and Ethan as equal contingent beneficiaries. (Id. ¶ 4.)

On September 21, 2005, Beatrice filed a petition for dissolution of marriage in Kings County Superior Court. (Id. ¶ 5.)

On or about April 4, 2007, Allstate received a Request for Change of Beneficiary form (the "Change of Beneficiary Form") from William in which William requested to change the beneficiary designation on the Life Insurance Policy. (Id. ¶ 6.) The Non-Moving Defendants assert a foundation objection against the admission of the Change of

---

[2] The Non-Moving Defendants object on foundation grounds to the admission of exhibits accompanying the Moving Defendants' declaration in support of their motion. Except as where discussed below, the Defendants' evidentiary objections pertain to immaterial facts and need not be addressed.

3

Beneficiary Form.  This objection, however, is overruled since the Non-Moving Defendants rely on the content of the Change of Beneficiary Form in their separate statement of undisputed facts.  (Id.)

William and Beatrice signed a Divorce Order Marital Settlement Agreement ("MSA") on February 21, 2007, in which William and Beatrice each waived their respective rights as beneficiaries to the proceeds of insurance policies held by the other.  (Id. ¶ 18.)  The Kings County Superior Court issued a final judgment in William and Beatrice's marital dissolution proceeding on April 20, 2007.  (Id. ¶ 17.)  Although the Non-Moving Defendants argue the Moving Defendants have not shown a foundation justifying admission of the Superior Court's final order, judicial notice is taken of the order since the Non-Moving Defendants do not dispute that William and Beatrice's divorce proceeding in Kings County Superior Court was Case No. 05FL0643, nor that the referenced order attached as an exhibit to the declaration filed in support of the motion, was issued by the Kings County Superior Court in Case No. 05FL0643.  See U.S. ex. Rel Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)(judicial notice of California Superior Court case appropriate); Fed. R. Evid. 201(b),(c).  The parties agree that William's sons were the only beneficiaries to the Life Insurance Policy after William and Beatrice executed the MSA; they only dispute the validity and legal effect of the Change of Beneficiary Form.  (See Non-Moving Defs.' Opp'n. 1:25-2:9.)

William died on July 5, 2007.  (Non-Moving Defs.' SSUF ¶ 19.) Following William's death, Beatrice, Jared, Ethan, Shannon Oliveira, Larry Dall, Shelli Dall, Jeanne Viloria, Barbara Dall and Stephen Dall all made claims to Allstate for the proceeds under the Life Insurance

Policy. (Compl. ¶ 18.) On October 23, 2007, Allstate brought an interpleader action against Beatrice, Jared, Ethan, Jeanne Viloria, Larry Dall, Shannon Oliveira, Shelli Dall, Stephen Dall and Barbara Dall, seeking to have the Court determine to whom the proceeds of the Life Insurance Policy should be paid. (Docket No. 2.) On June 30, 2009, an order issued discharging Allstate from this action and authorizing Allstate to give the Clerk of the Court the disputed life insurance proceeds, less attorneys' fees and costs. (Docket No. 28).

III. Discussion

The Non-Moving Defendants argue the Moving Defendants' motion is premature because they have not conducted discovery, and therefore, the motion should be denied or continued. (Non-Moving Defs.' Opp'n. 2:16-19.) The Non-Moving Defendants, however, have not shown that good cause justifies amending the January 24, 2008 status (pretrial scheduling) order which prescribes June 17, 2009 as the discovery completion date. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992)(stating that a pretrial scheduling order may only be modified "upon a showing of 'good cause'"). Since the Non-Moving Defendants have not shown that good cause justifies amending the discovery completion date, their *de facto* request to amend the pretrial scheduling order is denied. See Eagle v. Am. Tel. & Tel. co., 769 F.2d 541, 548 (9th Cir. 1985)(upholding district court's decision to deny amendment of scheduling order in summary judgment proceeding because of failure to show good cause).

The Moving Defendants argue summary judgment should be granted in their favor because California Family Code Section 2040 ("Section 2040") enjoined William from changing the beneficiaries to the Life Insurance Policy during the pendency of his divorce proceeding. The

1  Non-Moving Defendants counter Section 2040 is inapplicable because it
2  was not violated.  (Non-Moving Defs.' Opp'n. 3:21-24.)
3       Section 2040 states the summons to a martial dissolution
4  proceeding:
5           shall contain a temporary restraining order . . .
            [r]estraining both parties from cashing, borrowing against,
6           canceling, transferring, disposing of, or changing the
            beneficiaries of any insurance or other coverage, including
7           life, health, automobile, and disability, held for the
            benefit of the parties and their child or children for whom
8           support may be ordered.
9  CAL. FAM. CODE § 2040(a)(3)(West 2009).  California Family Code Section
10 233(a) prescribes when the temporary restraining order is effective as
11 follows: "Upon filing the petition and issuance of the summons and
12 upon personal service of the petition and summons on the respondent or
13 upon waiver and acceptance of service by the respondent, the temporary
14 restraining order under this part shall be in effect against the
15 parties until the final judgment is entered or the petition is
16 dismissed, or until further order of the court."   CAL. FAM. CODE §
17 233(a); Estate of Mitchell, 76 Cal. App. 4th 1378, 1387 (1999) ("This
18 automatic restraining order remains in effect until final judgment is
19 entered or the petition is dismissed, or until further order of the
20 court.")(quotations and citations omitted).
21      Neither side has provided evidence on whether a summons for the
22 dissolution proceeding was personally served on William, or whether
23 William waived and accepted service.  However, the undisputed facts
24 show that Section 2040's temporary restraining order became effective
25 no later than February 21, 2007, when William and Beatrice signed the
26 MSA, and remained in effect until the Kings County Superior Court
27 issued its final order in William and Beatrice's divorce proceeding on
28 April 20, 2007.  Therefore, regardless of the validity of the Change

6

of Beneficiary Form Allstate received on or around April 4, 2007, William was then enjoined by Section 2040 from changing the beneficiaries to his Life Insurance Policy until after April 20, 2007. Accordingly, the Change of Beneficiary Form Allstate received on or around April 4, 2007 had no legal effect on the beneficiaries to the Life Insurance Policy.  The Non-Moving Defendants' argument that Section 2040 was not violated by the Change of Beneficiary Form is unpersuasive.

Since Beatrice disclaimed her interest in the Life Insurance Policy in the MSA, Jared and Ethan, as equal contingent beneficiaries, are the only beneficiaries under the Life Insurance Policy.

IV. Conclusion

For the reasons stated above, the Moving Defendants' motion for summary judgment is granted.  Counsel for the Moving Defendants, however, shall file, no later than November 6, 2009, a proposed order outlining a plan for the disbursement of the interpleader funds that protects the interests of Jared and Ethan, including any attorneys' fees the minors' counsel seeks to recover from the interpleader funds. See Cal. Prob. Code §§ 3610, 3611 (West 2009).  Upon court approval of the proposed order, the Clerk of the Court will be directed to disburse the funds.

Dated: October 27, 2009

GARLAND E. BURRELL, JR.
United States District Judge