IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLSTATE LIFE INSURANCE COMPANY, )
)
Plaintiff, ) 2:07-cv-02264-GEB-KJM
)
v. )
)
BEATRICE DALL; J.S.D.; E.R.D.; JEANNE CORENE VILORIA; LARRY LEE DALL; SHANNON CHRISTIN OLIVEIRA; SHELLI ALLISON DALL; STEPHEN RAY DALL; BARBARA DALL, )
)
Defendants. )

On October 28, 2009, an order issued granting summary judgment in this interpleader action in favor of two minors represented by their guardian ad litem, Beatrice Dall.[1] The summary judgment order directed the minors' Counsel ("Counsel") to file a proposed order "outlining a plan for the disbursement of the interpleader funds that protects the interests of" the minors. On November 5, 2009, Counsel filed a proposed order.

[1] Since there has not been compliance with the privacy protection for minors in prior filings in this action, as prescribed in Federal Rule of Civil Procedure 5.2(a)(3), Counsel shall comply with this rule in future filings in this federal action by using only "the minor[s'] initials." Fed. R. Civ. P. 5.2(a)(3).

In that filing, Counsel proposes the following: (1) that this court direct guardian ad litem Beatrice Dall to file a petition "in the Kings County Superior Court to be appointed as the guardian of the estate of [the minor Defendants]"; (2) that "[u]pon approval of the Guardianship Petition by the Kings County Superior Court and issuance of Letters of Guardianship [by the Kings County Superior Court] to [Beatrice Dall]," this federal court would then direct "the Clerk of Court for the United States District Court for the Eastern District of California [to] disburse the proceeds of the life insurance policy one-half (½) to [Beatrice Dall] as Guardian of the Estate of [minor J.S.D.] and one-half (½) to [Beatrice Dall] as Guardian of the Estate of [minor E.R.D.]"; (3) that Beatrice Dall be directed to "establish a bank account for each guardianship estate in accordance with the provisions of California law, and . . . provide a receipt to this [federal] Court, evidencing that such accounts have been established, and that the insurance proceeds have been deposited into each account"; (4) that "[t]he attorney's fees that have been incurred in this matter, in the amount of [twelve thousand, nine hundred seventy-three and 90/100 dollars]($12,973.90) are awarded to [Griswold, LaSalle, Cobb, Dowd & Gin, L.L.P.], counsel for [minor J.S.D.] and [minor E.R.D.] and shall be paid one-half (½) from each guardianship estate;" and (5) that "[t]he attorneys' fees and costs incurred for establishment of the above-described guardianships shall be paid from the respective guardianship estates as provided by California law and the Kings County Superior Court."  (Proposed Order ¶¶ 2-4.)

Counsel, however, has not provided sufficient information to evaluate the attorneys' fees Counsel seeks to have awarded in this federal action.  Counsel shall disclose in a filing, due on or before

2

noon on November 16, 2009, as prescribed in Local Rule 17-202(c), "by whom and the terms under which [Counsel] was employed" to represent the minors, "whether [Counsel] has received or expects to receive any compensation [for representing the minors], [and] from whom and the amount" (E.D. Cal. R. 17-202(c)(emphasis added)), and the "criteria" used by counsel to justify the attorney fees Counsel seeks. E.D. Cal. R. 54-293(c)(listing criteria to be considered when awarding attorneys' fees). The requested explanation shall also include what comprises Counsel's basis for Counsel's conclusion that $12,973.90 is a reasonable fee for Counsel's representation of the minors in this action. Further, Counsel shall explain why Counsel has asked the Court to direct the minors' guardian ad litem to file a petition in state court for which each minor will incur unstated attorneys' fees. It appears that filing a guardianship petition in the Kings County Superior Court is necessary to protect each minor's estate and that such a filing would be within the scope of Counsel's representation of each minor when Counsel agreed to represent each minor in this federal action. However, it is recognized that Counsel did not take action necessary to have a guardian ad litem appointed for the minors in this federal action until after this Court issued Counsel an order on October 27, 2009 requiring Counsel to explain how Counsel can proceed representing the minors without satisfying Federal Rule of Civil Procedure 17(c).

    Questions are asked because the Court must ensure that the terms of Counsel's representation "are completely fair to the minor[s]." Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir 1978). "It is an ancient precept of Anglo-American jurisprudence that infant and other incompetent parties are wards of any court called upon to measure and

weigh their interests.  The guardian ad litem is but an officer of the court . . . .  While the infant sues or is defended by a guardian ad litem or next friend, every step in the proceeding occurs under the aegis of the court."  Id. at 1079.

Counsel's proposed order fails to explain why the insurance proceeds should not be given to the Kings County Superior Court after the federal court decides Counsel's attorneys' fees request for services rendered in the federal action.  It appears that after this attorneys' fees issue is decided, the Clerk of the federal court should be ordered to give the remaining money to the Kings County Superior Court, so that the Kings County Superior Court may decide all issues involving the minors and the insurance proceeds.  Counsel is instructed to also discuss this issue in its filing.

Further, Counsel should know that today the undersigned judge telephoned the Kings County Superior Court for the purpose of asking an administrative person whether that court typically handles the above-referenced issues; the undersigned judge expects to receive a response from an administrative person in that Court on November 12, 2009.

Dated:  November 10, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge