1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALLSTATE LIFE INSURANCE COMPANY,    )
                                         )
12                    Plaintiff,         )    2:07-CV-02264-GEB-KJM
                                         )
13             v.                        )
                                         )
14   BEATRICE DALL; J.S.D.; E.R.D.;      )
     JEANNE CORENE VILORIA; LARRY LEE    )
15   DALL; SHANNON CHRISTIN OLIVEIRA;    )
     SHELLI ALLISON DALL; STEPHEN RAY    )
16   DALL; BARBARA DALL,                 )
                                         )
17                    Defendants.        )
     _____)

18

19        On October 28, 2009, an order issued granting summary judgment in

20   this interpleader action in favor of two minors represented by their

21   guardian ad litem, Beatrice Dall.  The summary judgment order directed

22   the minors' counsel ("Counsel") to file a proposed order "outlining a

23   plan for the disbursement of the interpleader funds that protects the

24   interests of" the minors.  On November 5, 2009, Counsel filed a

25   proposed order, in which Counsel included a request for attorney's

26   fees that have been incurred in this matter.  However, since Counsel

27   failed to provide sufficient information to evaluate Counsel's

28

attorney's fee request, Counsel was required to provide further information.

On November 16, 2009, Counsel responded with a declaration from Jeffery Levinson, in which he declares that 58.26 hours of attorney time and 52.06 hours of support staff time were expended by his law firm in their representation of Beatrice Dall and the two minors.

However, further clarification and additional information is still required on the attorney's fees Counsel seeks for representing just the minors.  Counsel has not provided the billing records necessary to determine whether the attorney's fees requested are reasonable.  As the Ninth Circuit states in Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986), "counsel bears the burden of submitting detailed time records, justifying the hours claimed to have been expended."  Absent such records, the necessary inquiry into "the number of hours . . . [Counsel] reasonably expended on the litigation" cannot be made.  McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1994).  Counsel, therefore, shall file with the Court, no later than November 25, 2009, detailed billing records of the work performed by Counsel in its representation of the two minors.

Further, Counsel has indicated that the establishment and supervision of a guardianship estate by the Kings County Superior Court is necessary to disburse the interpleader funds and resolve this action.  Counsel, however, has not yet taken the necessary steps to provide the Kings County Superior Court with jurisdiction over the two minors or the interpleader funds.  As a result, a status conference is scheduled for December 14, 2009, at 9:00 a.m. in courtroom 10, so that Counsel has the opportunity to explain why Counsel has not taken the

necessary actions for the Kings County Superior Court to assume jurisdiction over this case.  Counsel shall file a status report seven days before the status conference, in which Counsel shall explain what actions Counsel has taken, or plans to take and when, so that the Kings County Superior Court can assume jurisdiction over each minor and the interpleader funds.

Lastly, the final pretrial and trial dates are vacated.

Dated:  November 17, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

3