IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

ALLSTATE LIFE INSURANCE COMPANY,  )
                                  )
            Plaintiff,            )   2:07-cv-2264-GEB-KJM
                                  )
     v.                           )   DISBURSEMENT ORDER
                                  )
BEATRICE DALL; J.S.D.; E.R.D.;    )
JEANNE CORENE VILORIA; LARRY LEE  )
DALL; SHANNON CHRISTIN OLIVEIRA;  )
SHELLI ALLISON DALL; STEPHEN RAY  )
DALL; BARBARA DALL,               )
                                  )
            Defendants.           )
_____ )

        Counsel for the two minors (J.S.R. and E.R.D.) involved in this interpleader action filed a status report on January 27, 2010, in response to a November 17, 2009 order requiring Counsel to outline a plan for the disbursement of the life insurance policy proceeds which were previously awarded to the two minors.

        This case began in October 2007, when Allstate Life Insurance Company filed an interpleader complaint, requesting that the Court determine to whom the proceeds under a life insurance policy should be awarded. In an order filed on October 28, 2009, the Court awarded the life insurance proceeds to the two minors as equal contingent beneficiaries. The October 28 order also instructed the minor's Counsel to file a plan providing for the disbursement of the funds to the minors. This request was only necessary because Counsel had failed to address the issue in its briefs.

Counsel's responsive filing requested that the Court award it $12,973.90 and direct Beatrice Dall, the minors' guardian ad litem, to file a petition in Kings County Superior Court. This filing, however, was deemed deficient since it did not provide any information to evaluate Counsel's request for attorneys' fees nor did it explain why it was necessary for the Court to direct the minors' guardian ad litem to file a petition in the Kings County Superior Court. Therefore, the Court requested that Counsel provide additional information.

In response, Counsel filed a declaration that was still deficient since it only described the work Counsel had done for the minors without providing detailed billing records to allow the Court to determine whether the fees requested were reasonable. Accordingly, the Court filed yet another order, requiring that Counsel provide billing records and file a status report explaining what actions Counsel has taken to allow the Kings County Superior Court to assume jurisdiction over each minor and the interpleader funds.

Counsel then filed an additional declaration on November 24, 2009 relating to his request for attorneys' fees and the January 27, 2010 status report referenced above. Counsel's January 27 status report states the following:

> On January 26, 2010, a hearing to petition the Kings County Superior Court for Beatrice Dall to be appointed guardian of the estates of the minors J.S.D. and E.R.D. was held in Department 11 before Commissioner Julienne L. Rynda. Commissioner Rynda signed the "Order Appointing Guardian of Minors," . . . appointing Ms. Dall as the guardian of the estate of the minors. Letters of Guardianship were issued on January 26, 2010 . . . .
> Counsel requests that the Court approve the attorney's fees in this matter . . . . Counsel [also] requests that the interpleader funds be released to Ms. Dall as guardian of the minors

2

>estates to be placed into blocked accounts as required by the "Order Appointing Guardian of Minors."

(Jan. 27, 2010 Status Report.)

Counsel's November 24 declaration states that as of November 16, 2009, his law firm had expended 58.26 hours of attorney time and 52.06 hours of support time in the representation of Beatrice Dall and the two minors. (Levinson Nov. 24, 2009 Decl. ¶ 3.) Counsel also declares that "[t]he amount of the billing record has increased from $12,973.90 to $13,655.45 since [Counsel's] declaration was filed on November 16, 2009 because additional services and expenses have been incurred on this matter since the time the billing record was previously calculated for that declaration." (Id. ¶ 4.) Counsel, therefore, requests that the Court award attorneys' fees in the amount of $13,655.45.

Counsel, however, is not entitled to receive the amounts requested for its "additional services and expenses." The additional services and expenses are requested for work Counsel should have done in the summary judgment motion filed on behalf of the minors. Counsel's failure to provide adequate filings have needlessly prolonged this interpleader action and prevented the minors from receiving the life insurance proceeds when the summary judgment order issued. Counsel should not recover attorneys' fees on matters Counsel failed to adequately research and brief, thereby requiring the Court perform the work Counsel should have known it was required to do when it was retained to represent the minors. C.f. Borunda v. Richmond, 885 F.2d 1384, 1392 (9th Cir. 1988) (denying "fees on appeal to a prevailing plaintiff-appellee because counsel failed to adequately

3

1 | brief the issues he presented, thereby requiring the court to engage
2 | in independent research."). Counsel representing minors are expected
3 | to be familiar with such issues and to file the necessary documents
4 | without causing needless delays.
5 |     Therefore, after the Clerk of the Court deducts the
6 | applicable registry fee, Counsel shall be awarded $12,973.90 in
7 | attorneys' fees for the services it rendered in this federal
8 | interpleader action.  Accordingly, the Clerk of the Court shall
9 | release the interpleader funds as follows:
10 |     1)  The applicable registry fee shall be deducted;
11 |     2)  A check shall be made payable to GRISWOLD, LASALLE, COBB,
12 |         DOWD & GIN, L.L.P. in the amount of TWELVE THOUSAND NINE
13 |         HUNDRED AND SEVENTY-THREE and 90/100 DOLLARS ($12,973.90);
14 |     3)  The remaining balance shall be paid by a check payable to
15 |         Beatrice Dall.
16 | Ms. Dall, as guardian of the minors' estates, shall deposit the funds
17 | she receives into blocked accounts as required by the "Order
18 | Appointing Guardian of Minors" issued by Commissioner Julienne L.
19 | Rynda on January 26, 2010, in the Kings County Superior Court in
20 | California, case number 09P0131.  The Clerk of Court shall also cause
21 | a copy of this "Disbursement Order" to be filed in case number 09P0131
22 | in the Kings County Superior Court in California and shall attach a
23 | disbursement document stating the amount of funds paid to Ms. Dall in
24 | her capacity as guardian of the estate of each minor.
25 | Dated:  March 30, 2010
26 |
27 |                     _____
                    GARLAND E. BURRELL, JR.
28 |                     United States District Judge